1  Michael H. Kalkstein (State Bar No. 41417)
   michael.kalkstein@dechert.com
2  Valerie M. Wagner (State Bar No. 173146)
   valerie.wagner@dechert.com
3  Philip Barilovits (State Bar No. 199944)
   philip.barilovits@dechert.com
4  **DECHERT LLP**
   1117 California Avenue
5  Palo Alto, CA  94304-1106
   Telephone:    (650) 813-4800
6  Facsimile:    (650) 813-4848

7  Attorneys for Defendant
   QUELLOS GROUP LLC
8

**FILED**

JAN - 3 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10             UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  WILLIAM M. HAWKINS III,                Case No.  C 05-04763 MHP

14             Plaintiff,                  **CONFIDENTIALITY AGREEMENT AND
                                           STIPULATED PROTECTIVE ORDER**
15       v.

16  KPMG LLP, HARVEY ARMSTRONG,
    QUELLOS GROUP LLC, and DOES 1
17  through 20, inclusive,

18             Defendants.

19

20        IT IS HEREBY ORDERED THAT, Plaintiff WILLIAM M. HAWKINS 11 and

21  Defendant QUELLOS GROUP, LLC, are to be bound by the following Confidentiality

22  Agreement and Stipulated Protective Order for the protection of confidential information,

23  documents, and other things produced, served or otherwise provided in this action by the parties

24  or by third parties:

25        1.     After carefully reviewing material to segregate non-confidential from confidential

26  information, a person may designate all or portions of any information, materials or documents

27  produced or furnished by that person pursuant to discovery or otherwise during the course of this

28  litigation as "Confidential Information." Such a designation shall constitute a representation by

1   the person and its counsel that they, in good faith, believe that the material so designated contains

2   or constitutes at the time of the designation: trade secrets or other information of a non-public

3   nature considered by the producing party or person to be commercially or personally sensitive,

4   confidential and/or proprietary; or other competitively sensitive or proprietary research, analysis,

5   development, marketing, financial or commercial information, including information likely to be

6   deemed sensitive by a non-party.  Any such designations are to be reasonably limited both in

7   subject matter and in time.

8         2.     Any document or transcript or portion thereof, whether an original or copy,

9   including any exhibits, answers to interrogatories and other written discovery responses, as well

10   as physical objects, recordings or things that any party deems to contain Confidential Information

11   shall be labeled by such party on each page of such document or on such physical object with the

12   designation "Confidential."  In lieu of marking this notation on the originals of documents, the

13   party may mark the copies that are produced.  All Confidential Information not reduced to

14   documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so

15   designated by informing the recipients in writing that the information constitutes Confidential

16   Information.

17         3.     Confidential Information shall not be publicly disclosed unless in accordance with

18   the terms of this Confidentiality Agreement.  Confidential Information may be used only in

19   connection with the prosecution of or defense of or attempt to settle the above-captioned action

20   and not for any other pending or threatened litigation, or any other business or other purpose

21   whatsoever.  Except as described herein or by order of this Court, all Confidential Information

22   shall be kept by the other parties in this case in a confidential manner, and shall not be given,

23   shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than

24   those set forth in paragraph 4 hereof.

25         4.     The following persons (hereinafter called "Qualified Persons") shall be the only

26   persons who will be permitted to have access to Confidential Information:

27         (a)    Each lawyer for a party in this case, including outside and in-house lawyers and

28         other lawyers regularly employed in their offices, and such lawyers' staff to whom it is

1   necessary that materials be disclosed for purposes of this litigation, including secretaries,

2   paralegals and document clerks.  In addition, any other counsel representing any of the

3   Defendants or any current or former personnel of the Defendants may also have access to

4   Confidential Information.

5   (b)     Each party, and any current or former partner, director, officer, employee or agent

6   of a party who is requested by that party or any of its attorneys to work on this action;

7   (c)     Independent experts or consultants retained by counsel for the purpose of assisting

8   in this litigation, including their staff to whom it is necessary that materials be disclosed

9   for purposes of this litigation, but only to the extent necessary for such expert or

10  consultant to perform his assigned tasks in connection with this litigation;

11  (d)     Any non-party witness in this litigation, and his or her counsel, may be provided

12  with a copy of any document(s) designated as "Confidential" for their review in

13  preparation for or during their deposition or in preparation for their testimony at trial or a

14  hearing in this litigation (upon completion of the review, the document(s) shall be

15  returned to counsel for the supplying party);

16  (e)     Mediators, arbitrators, or similar outside parties and their staffs enlisted by all

17  parties to assist in the resolution of this matter;

18  (f)     Outside commercial copying, imaging and/or database services; and

19  5.      All persons receiving any Confidential Information under paragraphs 4(c), (d), and

20  (e) shall sign an Acknowledgment that reflects their commitment to preserve the confidentiality

21  of all information so designated, which Acknowledgment shall be on the form annexed hereto.

22  Counsel for each party shall maintain copies of all Acknowledgments executed by those who

23  have access to Confidential Information pursuant to paragraphs 4(c), (d), or (e), as well as a list of

24  all persons in their employ or control who are entitled to have access to Confidential Information.

25  6.      A party may designate some or all of the transcript of a deposition as Confidential

26  by indicating on the record at the deposition that the testimony contains or reflects Confidential

27  Information or by notifying all parties in writing, within 30 days of receipt of the transcript. of

28  the specific pages and lines of the transcript which are confidential.  Each party shall attach a

1    copy of such written statement to the back of the transcript and each copy thereof in his

2    possession, custody or control. Each deposition shall be treated as Confidential Information for a

3    period of 30 days after a full and complete transcription of such deposition is available.

4         7.      Court Procedures.

5         (a)     Subject to the provisions of this section, Confidential Information may be

6    disclosed to the Court, Court officials or employees involved in this action (including court

7    reporters, persons operating video recording equipment at depositions, and any special master or

8    referee appointed by the Court) and the jury in this action, and any interpreters interpreting on

9    behalf of any party or deponent.

10        (b)     The parties agree that the employees of the Court or the Clerk's office have no

11   duty to the parties to maintain the confidentiality of any information in any papers filed with the

12   Court.

13        (c)     The parties may attach Confidential Information to a court filing or otherwise

14   include Confidential Information in a court filing only in accordance with Local Rule 79-5.

15        (d)     The party lodging or filing the Designated Materials shall be responsible for

16   retrieving such Designated Materials from the Court following the final termination of the

17   action (including after any appeals).

18        (e)     If any party fails to file Confidential Information under seal, any party to this

19   action may request that the Court place the Confidential Information under seal within twenty

20   (20) days of the filing of said Confidential Information. The Clerk of the Court is directed to

21   comply with such request if consistent with Local Rule 79-5.

22        (f)     The parties shall not present or quote from any Confidential Information in open

23   court, unless the Court shall order otherwise. Presentation of, or quotations from, Confidential

24   Information shall be heard by the Court under such conditions and safeguards as the Court may

25   impose to prevent improper disclosure of Confidential Information. The parties shall meet and

26   confer concerning appropriate methods for dealing with Confidential Information at trial.

27        8.      In the event that a party inadvertently fails to stamp or otherwise designate a

28   document or other information as Confidential Information at the time of its production, that party

DECHERT LLP      CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER; CASE NO. 05-04763 MHP            4
ATTORNEYS AT LAW                                                                          10322796.1.LIT

1   may thereafter within 30 days of the production, stamp or otherwise designate the document or

2   other information, as Confidential Information.  The party receiving such subsequent designation

3   shall immediately give notice thereof to each person, if any, to whom the previously undesignated

4   document or other information was in the interim disclosed, shall diligently attempt to retrieve all

5   copies of the documents or information distributed to persons other than Qualified Persons, and

6   thereafter such document or information shall be subject to the provisions of this Confidentiality

7   Agreement.

8         9.      The inadvertent or unintentional disclosure by the supplying party of Confidential

9   Information (regardless of whether the information was so designated at the time of disclosure),

10  or information protected from disclosure by the attorney-client privilege or the attorney work-

11  product doctrine, shall not be deemed a waiver in whole or in part of a party's claim of

12  confidentiality, attorney-client or work-product privileges, either as to the specific information

13  disclosed or as to any other information relating thereto or on the same or related subject matter,

14  provided that the supplying party gives notification to the other parties within [MISSING

15  SOMETHING] when it learns of such inadvertent or unintentional disclosure.  Upon receiving

16  such notification, all parties that have received copies of the inadvertently produced document

17  shall either (1) promptly return it to the supplying party and destroy any other copies thereof; or

18  (2) challenge the withholding of the document.  If the withholding of the document is challenged,

19  there shall be no further dissemination of the document during the pendency of the challenge.  In

20  the event that only part of a document is claimed to be privileged, the supplying party shall return

21  redacted copies of such document, removing only the part(s) thereof claimed to be privileged, to

22  all parties within 10 days.

23        10.     Within sixty (60) days after the final conclusion of the Litigation, including all

24  appeals, the receiving party shall destroy all originals and copies of each document or object that

25  another party has designated as Confidential Information (including both paper and electronic

26  versions), and shall provide the designating party with an affidavit of destruction.  In the

27  alternative, the receiving party may return all originals and copies of each document or object that

28  another party has designated as Confidential Information to the designating party, shall destroy all

1    electronic copies of such materials, and shall provide the designating party with an affidavit

2    confirming that all Confidential Information (including both paper and electronic versions) has

3    been returned and/or destroyed.

4         11.    Any court reporter, transcriber or videographer who reports, transcribes or records

5    testimony in this action at a deposition shall agree by a statement on the record, before recording

6    or transcribing any testimony by a witness, that all testimony and information revealed at the

7    deposition is and shall remain confidential and shall not be disclosed by such reporter, transcriber

8    or videographer except to the attorneys for each party and any other person who is present while

9    such testimony is being given, and that all copies of any transcript, reporter's notes videotape or

10   any other transcription records of any such testimony shall be retained in absolute confidentiality

11   and safekeeping by such reporter, transcriber or videographer or shall be delivered to the

12   undersigned attorneys.

13        12.    A party shall not be obligated to challenge the propriety of a Confidential

14   Information designation at the time made, and a failure to do so shall not preclude a subsequent

15   challenge thereto.  In the event that any party to this litigation disagrees at any stage of these

16   proceedings with the designation of Confidential Information, the parties shall try first to resolve

17   such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party

18   designating the information as Confidential shall have the burden of applying to the Court for an

19   order deeming the information to be "Confidential Information." The party opposing the

20   "Confidential Information" designation shall not object to the designating party filing the

21   information at issue with the Court under seal in order for the Court to resolve the matter.  Any

22   information designated as Confidential Information shall be subject to the terms of this Order

23   during the resolution of any dispute pursuant to this paragraph.

24        13.    Nothing shall prevent disclosures beyond the terms of this Protective Order by the

25   party that designated the information as Confidential Information or if the party that designated

26   the information as Confidential Information consents to such disclosure, or if the Court, after

27   notice to all affected parties, orders such disclosure.

28

DECHERT LLP
ATTORNEYS AT LAW

14.     This Protective Order shall not be construed to prevent any person, including a Qualified Person, from making use of designated Confidential Information which (a) was lawfully in his or her possession prior to receipt from the supplying party and not otherwise subject to any obligation of confidentiality, (b) appears in any published material available to the general public, without fault of the disclosing [SHOULD THIS BE THE RECEIVING PARTY?] party, (c) was or is hereafter obtained from a source or sources not under an obligation of confidentiality to the other party or parties, without fault of the disclosing party, or (d) is exempted from the operation of this Protective Order by written consent of the party producing such Confidential Information.

15.     If any person possessing Confidential Information is subpoenaed by a court of competent jurisdiction in another action or proceeding or served with a legally enforceable document demand, and such subpoena or document demand seeks Confidential Information, the person receiving the subpoena or document demand (1) shall give written notice by fax within three business days of the receipt of such subpoena or demand to undersigned counsel for the party or parties that produced and/or designated the Confidential Information and (2) shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved, provided, however, that nothing in this agreement shall prevent any party to this agreement from disclosing any such documents pursuant to an administrative order, demand, summons, subpoena or other request from any federal or state agency or grand jury, and the notification and withholding procedures set forth above shall not apply in the case of any such request.

16.     This Protective Order shall be effective immediately upon signature by counsel for all parties, and all parties agree that the Court may enforce the terms of this Protective Order, and that the terms shall survive the termination of this action.

17.     This Stipulation may be executed by each part separately.

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   Dated: December 22, 2005   BERGESON LLP

3

4   By: _____
        Hway-ling Hsu

5       Attorneys for Plaintiff
        WILLIAM M. HAWKINS III

6

7   Dated: 12/22/05          DECHERT LLP

8

9   By: _____
        Valerie M. Wagner

10      Attorneys for Defendant
        QUELLOS GROUP, LLC

11

12                           ORDER

13  PURSUANT TO STIPULATION, IT IS SO ORDERED. subject to attached

14  Supplemental Order.

15  DATED: ____1/3____, 2005

16                           _____
                             Hon. Marilyn Hall Patel

17                           United States District Court Judge

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *Hawkins v. KPMG LLP, et al.*, No. C 05-04763 MHP, has had an opportunity to review the Protective Order, and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Print name: _____

Address: _____

_____

_____

Date signed: _____